IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: THEODORE A. KOLB,<br><br>        Debtor.<br>_____/<br><br>ROBERT M. CASSEL, on behalf of this Chapter 11 Estate, and UECKER & ASSOCIATES, INC., Liquidating Trustee,<br><br>        Plaintiffs,<br>  v.<br><br>RUTH H. GLOBERSON, et al.,<br><br>        Defendants.<br>_____/ | No. C 06-6035 SI<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE INTERLOCUTORY APPEAL** |

      Defendants have filed a motion for leave to appeal an interlocutory order of the Bankruptcy Court. Plaintiffs oppose the motion, and have also filed a "conditional" cross-appeal. Defendants wish to appeal an August 15, 2006 order by Judge Montali of the United States Bankruptcy Court, which denied defendants' motion for reconsideration of an earlier order holding that defendants were judicially estopped from raising a state court probate order as a bar to any liability that they may have for distributing proceeds from the estate. Defendants contend that interlocutory review is warranted because Judge Montali's order presents controlling issues of law regarding subject matter jurisdiction, the "probate exception," and judicial estoppel.

      The parties agree that 28 U.S.C. § 1292 governs this Court's analysis of defendants' motion. The Ninth Circuit has described the standard of review as follows:

> When a party seeks a section 1292(b) interlocutory appeal, the court of appeals must undertake a two-step analysis. First, we must determine whether the district court has properly found that the certification requirements of the statute have been met. These certification requirements are (1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation. If we conclude that the requirements have been met, we may, but need not, exercise jurisdiction. The second step in our analysis is therefore to decide whether, in the exercise of discretion granted us by the statute, we want to accept jurisdiction.

*In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982), *aff'd sub nom. Arizona v. Ash Grove Cement Co.*, 459 U.S. 1190 (1983). The appellant "still has the burden of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

The Court concludes that interlocutory review is not warranted. The Court notes that this litigation has been pending since 1999. An interlocutory appeal will further prolong the proceedings, and will not necessarily materially advance this litigation due to plaintiffs' challenge of Judge Montali's ruling on the continued operation of the automatic stay.[1] Even if the certification requirements were met here, the Court would exercise its discretion to deny an interlocutory appeal. The Court finds that the better course is to allow proceedings to continue in the Bankruptcy Court for a resolution of all issues and development of a fuller record.

For the foregoing reasons, the Court DENIES defendant/appellants' motion for interlocutory appeal, and DISMISSES this action. (Docket No. 7).

**IT IS SO ORDERED.**

Dated: January 18, 2007

SUSAN ILLSTON
United States District Judge

---

[1] The Court makes no finding on the timeliness of plaintiffs' cross-appeal, which is rendered moot in light of the disposition of defendants' motion.